Stephenson; J.
 

 The parties here stand in an order the reverse of that held in the trial court, and they will be referred to in this opinion as they appeared in the style of the case in the Court of Common Pleas, namely, Sullivan will be referred to as plaintiff and Freas as defendant.
 

 
 *491
 
 Under the general allegations of error assigned in this court, it becomes necessary to consider the assignments of error made in the Court of Appeals. There were six assignments of error urged in the Court of Appeals, namely:
 

 1. In submitting the issue of wanton misconduct to the jury;
 

 2. Error in the general charge on the subject of wanton misconduct;
 

 3. Error in failing to define the duty owing by defendant to plaintiff;
 

 4. Error in refusing to give defendant’s special requests Nos. 6 and 7;
 

 5. Error in the admission in evidence of defendant’s plea of guilty to a charge of reckless driving, predicated upon the collision in question; and
 

 6. Error in the admission of testimony of Mr. and Mrs. Figg as to statements made by defendant to them after the collision.
 

 We will consider these assignments in inverse order.
 

 The testimony of Mr. and Mrs. Figg was competent. They simply related what Freas had said to them concerning his individual responsibility for the accident, about two weeks thereafter.
 

 Freas ’ plea of guilty to the charge of reckless driving, being predicated upon the collision in question, was admissible for two reasons: It reflected directly upon the question of his negligence, and, as by answer he denied he was negligent, it would likewise reflect upon his credibility.
 

 The alleged injury herein was received in the state of Pennsylvania, and the alleged acts and omissions of Freas must be judged by the law of that state in force at the time, and to which he owed obedience. If his conduct according to that law violated no right of Sullivan, no cause of action arose Whether recovery can be had depends upon the
 
 lex loci delicto.
 

 
 *492
 
 While this proposition of law is fundamental, it might be well to note that this court announced it in the case of
 
 Alexander
 
 v.
 
 Pennsylvania Co.,
 
 48 Ohio St., 623, 30 N. E., 69. This case must likewise be determined upon the Pennsylvania law, case and statutory, that was admitted in evidence during the progress of this case in the trial court, as the law of one state becomes a fact in another.
 

 To put it tersely, this case must be determined upon the substantive law of Pennsylvania and the adjective law of Ohio. We have carefully examined the Pennsylvania cases admitted in evidence, and the following is a synopsis of the law we extract therefrom:
 

 Cody
 
 v.
 
 Venzie,
 
 263 Pa. St., 541, 107 A., 383: The law of negligence in Pennsylvania recognizes the degrees of negligence, viz.: Slight, ordinary and gross. If the carriage is for the benefit of driver and guest, the driver is required to exercise only ordinary care.
 

 Richards
 
 v.
 
 Warner Co.,
 
 311 Pa. St., 50, 166 A., 496, 87 A. L. R., 1159. This case emphasizes practically the same proposition of law.
 

 Moquin
 
 v.
 
 Mervine,
 
 297 Pa. St., 79, 146 A., 444: Adds nothing on question of wanton negligence.
 

 Minnich
 
 v.
 
 Easton Transit Co.,
 
 267 Pa. St., 200, 110 A., 273, 18 A. L. R., 296: This case applies where a guest by acquiescence impliedly consents that the driver may test the conditions, in other words, “beat the danger.”
 

 Azinger
 
 v.
 
 Pa. Ry. Co.,
 
 262 Pa. St., 242, 105 A., 87: This case deals with the duty of a guest in a motor vehicle approaching a railway crossing under the Stop, Look and Listen rule, and has no application to the instant case.
 

 Cormican
 
 v.
 
 Menke,
 
 306 Pa. St., 156, 159 A., 36: Holds that a guest is not liable for mere inaction in failing to discover dangers of which he is ignorant,
 
 *493
 
 but which might have been discovered had he given attention to the roadway ahead.
 

 Galliano
 
 v.
 
 East Penn Electric Co.,
 
 303 Pa. St., 498, 154 A., 805: This case in no wise reflects upon the issues in the instant case.
 

 Michener
 
 v.
 
 Lewis,
 
 314 Pa. St., 156, 170 A., 272 : States that it is the general duty of the driver of an automobile at all times to have it under such control that it can be stopped before doing injury to any person in any situation that is reasonably likely to arise under the circumstances.
 

 Knox
 
 v.
 
 Simmerman,
 
 301 Pa. St., 1, 151 A., 678: The facts in this case are very similar to the case before us. The court held: (1) Such a case is not one of
 
 res ipsa loquitur;
 
 (2) Speed that is not excessive on a straight road may become so when a curve is reached; (3) Speed is excessive whenever it places the car beyond the control of the driver, and this is especially so when passing an obstruction or rounding a curve.
 

 We have considered all the statutory law offered in evidence in the trial court in connection with these cases.
 

 The Supreme Court of Pennsylvania took care of all doubt and perplexity that might arise in the minds of the judges of a foreign court, relative to the liability of the driver of a motor vehicle in Pennsylvania to a guest where the carriage was for the benefit of both, by holding that the driver was required to exercise only ordinary care.
 
 Cody
 
 v.
 
 Venzie, supra.
 

 The subsequent statutory enactments of the state of Pennsylvania offered in evidence in the trial court in the instant case in no wise affect the rule. It stands as a rule we must follow.
 

 It is conceded that the collision in question took place in the state of Pennsylvania; that Sullivan, the guest, and Freas, the driver, were both being benefited
 
 *494
 
 by tbe operation of the motor vehicle, as they were returning home to Akron from a visit in Pennsylvania. Freas under all the circumstances owed Sullivan the duty to exercise ordinary care to avoid injuring him —and nothing more — and nothing is shown in the laws, case and statutory, of the state of Pennsylvania that warrants the injection of the element of wantonness in the case.
 

 During the trial wanton negligence was injected into the case from so many angles that we will not take time to refer to all of them. Suffice it to say that it came in by way of the third amended petition. It was defined in the special instructions and in the general charge of the court. He charged contributory negligence out of the case in the event the jury found that Freas was guilty of wanton negligence.
 

 The injection of wanton negligence into the case under the laws of Pennsylvania, admitted in evidence during the trial of this case, constituted prejudicial error, and the judgment of the Court of Appeals is reversed.
 

 Judgment reversed.
 

 Weygandt, C. J., Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.