Zimmeeman, J.
In the early afternoon of December 30, 1952, defendant owned and was driving a 1952 Pontiac two-door sedan equipped with a Hydramatic transmission controlled by a lever under the steering wheel. Seated next to her was her cousin, Duncan, and sitting next to Duncan on the outside was plaintiff. The car was stopped on the street near the curb in front of the home of Prances G. Hunsicker in the city of Akron. By prearrangement the four women planned to visit a Girl Scout camp in defendant’s automobile and later attend a social affair. Plaintiff left the car to summon Hunsicker. The latter indicated from her home that she was ready, whereupon plaintiff returned to the car with the intention of occupying the rear seat and allowing the other three women to occupy the front seat. To enable plaintiff to push forward one side of the divided back of the front seat and reach the rear seat, defendant got ont of the automobile on the driver’s side, leaving the motor running and failing to set the hand brake, and the deduc *218 tion is inescapable that Duncan, in attempting to move over to tbe left, unintentionally came in contact with the lever controlling the transmission and pushed it into the “reverse” position, and that during such activity one of her feet may have pressed on the accelerator. The two doors of the automobile opened from the back toward the front. Defendant was standing behind the left open door and plaintiff was standing behind the right open door, with her right hand on the baek of the front seat preparatory to re-entering the vehicle. Due to a sudden movement of the car backward both plaintiff and defendant were caught by the doors and thrown to the street. Duncan, excited and frightened by this unexpected happening, undoubtedly grasped the lever and manipulated it in such a way as to cause the automobile to start forward. The car struck plaintiff lying in the street, shoved her for a short distance and then ran over her right leg. In consequence she suffered an extensive and deep scalp laceration and compound fractures of the tibia and fibula of her right leg, in connection with which there were subsequent complications.
On the trial of the action, the trial court, apparently following the case of Eshelman v. Wilson, 83 Ohio App., 395, 80 N. E. (2d), 803, ruled, as a matter of law, that plaintiff was not a guest at the time of her injuries, within the terms and intendment of Section 6308-6, General Code (Section 4515.02, Revised Code), commonly known as the “guest statute.”
Section 120, Chapter 24 of the Code of the City of Akron, was admitted in evidence and reads as follows:
“The motor or engine of a motor vehicle or motorcycle shall not be run or permitted to run when such vehicle or motorcycle is standing in any street or highway unless there is a competent person in charge of and in and upon said motor vehicle or motorcycle.”
With reference to the quoted ordinance, the court told the jury that if a violation thereof on the part of defendant was proved by the greater weight of the evidence, she was negligent as a matter of law.
Also left to the jury for its determination, in a special instruction and in the general charge, was the question of proximate cause.
*219 Defendant, through her counsel, contends that the guest statute applies in the present case, and that, therefore, she was entitled to a directed verdict or to judgment notwithstanding the verdict, and that, otherwise, she was denied a fair trial because of the intervention of reversible error during the trial.
Applicable Section 6308-6, General Code (Section 4515.02, Revised Code), reads as follows:
‘ ‘ The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.”
In the absence of the so-called guest statute, the general rule is that the person operating or responsible for the operation of a motor vehicle must use reasonable and ordinary care for the safety of a guest therein and is liable for injuries proximately caused by negligence in the handling of the vehicle. 60 Corpus Juris Secundum, 977, Motor Vehicles, Section 399 (1).
Guest statutes, like the one in Ohio, being in derogation of the common law, are to be strictly, albeit reasonably, construed. Miller v. Fairley, 141 Ohio St., 327, 48 N. E. (2d), 217; Vest, a Minor, v. Kramer, 158 Ohio St., 78, 84, 107 N. E. (2d), 105, 108; 60 Corpus Juris Secundum, 996, Motor Vehicles, Section 399 (3).
In relation to the instant case the key words in Section 6308-6, General Code, are, “while being transported * * * in or upon said motor vehicle.’'’ (Emphasis supplied.)
The word, “transport,” in its ordinary and accepted meaning implies movement — the carrying or conveying of persons or things from one place to another.
In the opinion of a majority of this court, when plaintiff left defendant’s automobile to summon Hunsicker, she temporarily, at least, removed herself from the category of one being transported in or upon a motor vehicle and would not have resumed a guest status until she again entered the car. As the facts show, she never got that far.
To reach a contrary conclusion, it is necessary to supply *220 the statute by judicial fiat with words and a meaning that the General Assembly did not see fit to adopt.
Strongly supporting our position is the recent case of Boyd v. Cress, 46 Cal. (2d), 164, 293 P. (2d), 37. There the host-driver stopped his automobile at the side of the road apparently to examine the tires and to stretch and relax briefly. His guest stepped out of the right side of the vehicle, leaving the right door open, and was struck by the door and injured when the car suddenly rolled backward. California has a guest statute similar to ours. The guest sued his host for damages grounded on negligence and was successful in the trial court, and the Supreme Court of California in affirming the judgment for plaintiff had the following to say in the course of the opinion:
“This consistent line of authority establishes the rule that the protection of the guest statute extends only to injuries suffered ‘during the ride’ in the sense that the plaintiff remained in or upon the vehicle at the time of the accident. After the guest steps out of the automobile, he enters into a pedestrian or other nonguest status. # # * It is not important that the parties ’ intentions indicate that the plaintiff’s nonguest status will exist only for a momentary interlude. When he departs from the host’s automobile, even momentarily, the ‘guest’ is entitled to hold the host-driver to the same standard of conduct as a stranger.”
In other cases, more or less resembling the instant one as to facts, different courts have reached different conclusions depending to a large extent on the precise circumstances involved and upon the peculiar wording of the guest statutes in force in the particular jurisdictions. Most of the cases on the subject are collected in the annotation in 50 A. L. R. (2d), 974, where a variety of holdings will be found.
In the case at bar, we think the trial court correctly determined that plaintiff was not a guest within the meaning of the Ohio guest statute, strictly construed, at and immediately before the time she was injured, and that the rule of ordinary negligence was properly applied. Vest v. Kramer, supra.
Defendant insists that Section 120, Chapter 24 of the Code of the City of Akron, above quoted, is unconstitutional, invalid *221 and of no legal force and effect; that its admission in evidence was prejudicially erroneous; and that the trial court committed “grievous” error in charging that the violation of such ordinance, if proved, would constitute negligence as a matter of law.
As we read the ordinance, the violation of which carries a penalty, it is plain and unambiguous, was within the power of' the municipality to enact, and in definite and understandable language prohibits a specifically described practice which could imperil the safety of others. The word, “competent,” as used in the ordinance is one of common usage and its meaning is familiar to the average person.
Besides, in its general charge, the court told the jury:
“In this ease a competent person is one who is able or qualified mentally and physically and through experience to operate said vehicle. In charge of, means to have the care of or the control of.”
There are many statutes relating to vehicles which resemble in purpose and intent the ordinance in issue. For example, compare Sections 6307-30, 6307-67, 6307-71 and 6307-101, General Code (Sections 4511.30, 4511.69, 4511.73 and 4513.29, Revised Code). And a number of municipalities have enacted ordinances similar to the one existing in Akron.
“Under an authority to regulate the movement of vehicles on the public streets, it may be made unlawful to leave a motor vehicle unattended on the public street with its motor running or without first setting the brakes.” 60 Corpus Juris Secun-dum, 145, Motor Vehicles, Section 28f.
In the third paragraph of the syllabus of. Eisenhuth v. Moneyhon, 161 Ohio St., 367, 119 N. E. (2d), 440, this court laid down the following rule:
“Where there exists a legislative enactment commanding or prohibiting for the safety of others the doing of a specific act and there is a violation of such enactment solely by one whose duty it is to obey it, such violation constitutes negligence per se.”
It is our view that the ordinance in question is valid and was properly admitted in evidence, and that the instructions with respect thereto in relation to defendant were correct.
*222 In the circumstances presented, it can hardly be said that, when defendant got out of her automobile shortly before plaintiff’s injuries, she placed it under the control and in charge of Duncan.
Neither do we think there is any real merit in the claim that the trial court erred in permitting counsel for plaintiff to elicit from defendant on cross-examination that she was served with a citation from the Akron Municipal Court charging her with violation of the above-quoted ordinance, growing out of the incident wherein plaintiff was injured, and that through her attorney she pleaded guilty to the offense charged. In support of this position, attention is directed to the ninth paragraph of the syllabus in the case of Freas v. Sullivan, 130 Ohio St., 486, 200 N. E., 639, which recites :
“A plea of guilty by an alleged tort-feasor to a charge of reckless driving, predicated upon a collision in which a person was injured, is admissible in an action brought against him by the party injured.”
See, also, annotations, 31 A. L. R., 261, 278; 130 A. L. R., 690, 699; and 18 A. L. R. (2d), 1287, 1307.
Now as to defendant’s remaining contention that the question of proximate cause as to her was improperly submitted to the jury. It is elementary that in an action to recover compensation for the consequences of a claimed negligent act, liability is dependent, first, upon a showing of negligence and, second, upon proof that such negligence was a proximate cause of the result.
The term, “proximate cause,” is often difficult of exact definition as applied to the facts of a particular case. However, it is generally true that, where an original act is wrongful or negligent and in a natural and continuous sequence produces a result which would not have taken place without the act, proximate cause is established, and the fact that some other act unites with the original act to cause injury does not relieve the initial offender from liability.
In the case before us, it is clear that defendant deliberately left her automobile with the motor running. The unfortunate incidents which followed could logically be attributed to this act as the dominant and primary cause thereof — the proxi *223 mate cause, if you please. Had the defendant stopped the motor or set the hand brake securely before leaving her car, Duncan’s subsequent unintentional conduct in making contact with the lever, and perhaps the accelerator, would have been harmless and inconsequential.
Ordinarily, the existence of both negligence and proximate cause are, in a jury trial, questions of fact for the determination of the jury under proper instructions from the court; and we think the trial court here correctly left the element of proximate cause to the jury. By its answer to a special interrogatory and by its verdict it found defendant negligent in leaving her car with the motor running in violation of the ordinance, and that such negligence was the proximate cause of plaintiff’s injuries. Such findings, in our opinion, are supportable by the evidence.
We have examined the special instruction on proximate cause given the jury before argument at plaintiff’s request and the court’s general charge on that subject and are satisfied that they were substantially correct and not prejudicial to the defendant.
Defendant neither pleads nor raises the issue of contributory negligence, nor is any claim made that the amount of the verdict is excessive.
No error being discernible in the judgment of the Court of Appeals, such judgment is affirmed.

Judgment affirmed.

Weygahdt, C. J., Bell and Matthias, JJ., concur.
Stewart, Taet and Herbert, JJ., concur in the syllabus in part but dissent from the opinion and judgment.