THE STATE, EX REL. KENDZIA, *v.* CARNEY ET AL., BOARD OF
ELECTIONS OF CUYAHOGA COUNTY.

[Cite as State, ex rel. Kendzia, v. Carney,
20 Ohio St. 2d 37.]

(No. 69-654—Decided October 29, 1969.)

*M. Charles E. Merchant,* for relator.
*Mr. John T. Corrigan,* prosecuting attorney, and *Mr.
John L. Dowling,* for respondents.

*Per Curiam.* Wisnieski was indicted for numerous fel-
onies under Section 2919.08, Revised Code, for unlawfully
having an interest in contracts for the purchase of auto-
mobile parts for use of the vehicles of the city of Inde-
pendence while he was holding the office of mayor of that
municipal corporation.

He pleaded guilty to the lesser included offenses spe-
cified in Section 2919.10, Revised Code, of being interested
in the profits of those contracts, thereby admitting that,
while mayor of Independence, he was interested in such
contracts for purchase of property for that city.

He thus admitted to violations of Section 733.78, Re-
vised Code, *i. e.,* that he did "have" an "interest" while
an "officer of" Independence "other than his fixed com-
pensation, in the expenditure of money on the part of" that
"municipal corporation."

That section states that any person who violates the
section "shall be disqualified from holding any office of
trust or profit in the municipal corporation."

If Wisnieski is disqualified from being mayor of In-
dependence, a writ of prohibition should be issued prohibit-

ing the board of elections from placing his name on the official ballot as a candidate for mayor of Independence. *State, ex rel. Flynn,* v. *Board of Elections* (1955), 164 Ohio St. 193, 129 N. E. 2d 623; *State, ex rel. Newell,* v. *Brown* (1954), 162 Ohio St. 147, 122 N. E. 2d 105; *State, ex rel. Higgins,* v. *Brown* (1960), 170 Ohio St. 511, 166 N. E. 2d 759.

This court held in *Holbrock* v. *Smedley* (1909), 79 Ohio St. 391, 87 N. E. 269, that an admission of facts which would constitute a violation of Section 1536-205, Revised Statutes (Section 733.78, Revised Code), was sufficient to establish the disqualification provided for by that section as a penalty for its violation.

*Writ allowed.*

TAFT, C. J., MATTHIAS, O'NEILL and CORRIGAN, JJ., concur.

SCHNEIDER, HERBERT and DUNCAN, JJ., dissent.

SCHNEIDER, J., dissenting. We should be controlled by the historic principle that elections are primarily matters for political regulation, and only secondarily are they the subject of judicial cognizance. Therefore, the decision of the board of elections on a matter properly within the scope of its authority should be final, in the absence of fraud, corruption, a flagrant misinterpretation of statutes or a clear disregard of legal provisions. *State, ex rel. Flynn,* v. *Board of Elections,* 164 Ohio St. 193, and *Sullivan* v. *State, ex rel. O'Connor,* 125 Ohio St. 387. No fraud or corruption being alleged, our consideration should be limited to whether the board flagrantly misinterpreted or clearly disregarded the statutes.

An analysis of Sections 2919.10 and 733.78, as well as Sections 733.72 to 733.77, inclusive, Revised Code, prevents me from concluding that the board's position constituted either a "flagrant misinterpretation" or a "clear disregard" of the statutory sanctions for what may be characterized, for the purpose of discussion, the offense of "conflict of interest" of a municipal officer.

The antecedent of Section 2919.10, Revised Code, the oldest of the statutes under consideration and clearly criminal in nature and effect, was first adopted in substantially its present form on May 7, 1869 (66 Ohio Laws 163, 164, Section 92), as a part of a comprehensive act to provide for the organization of cities and villages. (The statute originally contained no reference to township officers.) In 1871, the General Assembly enacted what are now Sections 733.72 to 733.77, inclusive, Revised Code (68 Ohio Laws 113), which furnish a procedure, obviously civil in nature and effect, to remove a municipal officer for a conflict of interest. Under such procedure, the defendant may be tried by the probate judge upon complaint of five electors of the municipal corporation (Section 733.72); may have counsel and demand a jury (Section 733.73); may challenge jurors, peremptorily and for good cause (Section 733.74); may have process to compel the attendance of witnesses (Section 733.75); and, if "the charges . . . are sustained by the verdict of the jury, or by the decision of the probate judge, when there is no jury," may be removed from office. No other sanction was, or is now, provided.

At this stage, it may be observed that the criminal sanctions contained in what is now Section 2919.10, Revised Code, were merely complemented by the civil sanctions of what are now Sections 733.72 to 733.77, inclusive, Revised Code. (The Act of May 1, 1871 [68 Ohio Laws 113], did not define conflict of interest as such, but merely set forth, as a cause for removal proceedings, a violation of the Act of May 7, 1869 [66 Ohio Laws 163].) In other words, if the criminal process was ineffectual in a conflict of interest matter, the civil process was made available. The only difference was, and still is, that if the former were pursued to its successful conclusion, the culprit was subject to fine or confinement, or both, in addition to removal from office.

Not until 1902 (96 Ohio Laws, 20, 37, Section 45), did the General Assembly see fit to adopt the antecedent of Section 733.78, Revised Code, in substantially its present

form. That represents the only statutory provision, so far as we are able to discover, whereby anyone in the state may be perpetually barred from holding a public office. And, paradoxically, it is confined to an errant municipal officer with respect to an office only in the government of the particular municipal corporation which was his victim. But the critical feature of the decision of the General Assembly to enact this statute at that time and in the particular form adopted, is that the sanction of permanent disbarment from office was attached, not to the criminal statute (Section 2919.10, Revised Code), nor to the civil removal statutes (Sections 733.72 to 733.77, inclusive, Revised Code), but to a new, express provision for civil liability (to the municipal corporation for all sums of money or other things received of the miscreant). Therein lies the chief weakness of the majority opinion.

Mindful of the rule that criminal statutes are to be strictly construed in favor of the accused, and of the characterization by the late Judge Stewart that statutes authorizing the removal of an incumbent from office (Sections 733.72 to 733.78, inclusive, Revised Code) are "quasi-penal" in nature (*In re Coppola,* 155 Ohio St. 329), I would hold that when Wisnieski pleaded guilty to a violation of Section 2919.10, Revised Code, he accepted the sanction of removal from office if in office at the time. But, he did not plead guilty to a violation of Section 733.78, Revised Code, nor to any of its sanctions, one of which (permanent disqualification from office), although severe and quasi-penal, is nonetheless civil. Nor were removal proceedings instituted against him under Section 733.72 *et seq.,* Revised Code.

Concededly, the proposition that a criminal conviction arising from a plea of guilty is conclusive for all purposes and for all times, *i. e., res judicata* of the facts necessarily encompassed therein, has a reasonable appeal. Although in this state we have historically followed the practice of admitting the fact of a prior guilty plea in a criminal case into evidence in a civil proceeding predicated upon the same acts which supported the conviction, we

have never held, nor has it ever been claimed, that the conviction is *res judicata* as to the act in controversy in the civil proceeding. See *Clinger* v. *Duncan*, 166 Ohio St. 216; *Freas* v. *Sullivan*, 130 Ohio St. 486; *Clark* v. *Irvin*, 9 Ohio 131. Unquestionably, one reason for this is that in many cases a plea of guilty may, in fact, amount to a compromise by the defendant to avoid an expensive or undesirable trial, or both. Experience has shown that such compromises can also benefit society.

The board of elections was not clearly in error. Therefore, its decision should not be disturbed.

HERBERT and DUNCAN, JJ., concur in the foregoing dissenting opinion.