OPINION
This timely appeal arises from the decision of the Mahoning County Court of Common Pleas in an administrative appeal. The court reversed a decision of the Austintown Township Board of Trustees ("Board of Trustees") revoking the massage establishment license of Glenn Vancamp ("Appellee"). For the following reasons, we are compelled to affirm the trial court's judgment.
The Japanese Sauna ("Sauna"), owned by Appellee as sole proprietor, is a massage parlor located in Austintown township. After receiving complaints of prostitution in the area, the Austintown Police Department, with help from the Mahoning County Sheriff's Department, investigated allegations of prostitution at the Sauna. On February 1, 2000, Detective Jeffery Allen ("Det. Allen") of the sheriff's department entered the Sauna wired with a transmitter. He attempted to procure the services of a masseuse.
Chun Cha Seick, whom the parties jointly refer to as Mamason, is a friend of Appellee's wife, Chong. The record reveals that Mamason sometimes fills in as the front desk attendant of the Sauna. Mamason greeted Det. Allen at the door and took fifty dollars from him for a thirty-minute massage.
Chong was not at the Sauna. Mamason brought in Myong Teel ("Teel") to give Det. Allen a massage. (Tr. 64, 83). During his massage, Teel touched his genital area and pointed to her mouth. (Tr. 85). Det. Allen interpreted this to mean that Teel was offering to perform oral sex. (Tr. 85). After Det. Allen handed Teel sixty dollars to perform the sexual act, the Austintown Police entered and arrested Teel. Teel pleaded guilty on February 3, 2000, to conduct prohibited at a massage establishment under R.C. § 503.42(D), and solicitation under R.C. § 2907.24(A), both third degree misdemeanors.
At the Board of Trustees' meeting on February 14, 2000, a resolution was passed revoking Appellee's massage establishment license pursuant to R.C. § 503.44(E). The revocation was based solely on Teel's conviction for violations of R.C. § 503.42(D) and R.C. §2907.24.
On February 18, 2000, Appellee filed an administrative appeal, pursuant to R.C. Chapter 2506, in the Mahoning County Court of Common Pleas. An administrative appeal is expressly permitted in this instance by R.C. § 503.48, which states:
"A board of township trustees acting under sections 503.40 to 503.49
of the Revised Code need not hold any hearing in connection with an order denying or revoking a permit to operate a massage establishment or masseur or masseuse license. The board shall maintain a complete record of each proceeding and shall notify the applicant in writing of its order. Any person adversely affected by an order of the board denying orrevoking a permit to operate a massage establishment or masseur ormasseuse license may appeal from the order of the board to the court ofcommon pleas of the county in which the township is located, the place of business of the permit holder is located, or the person is a resident.The appeal shall be in accordance with Chapter 2506. of the RevisedCode." (Emphasis added).
The administrative appeal included a motion for a temporary restraining order ("TRO") to preclude the Board of Trustees from closing the Sauna until the matter was heard on the merits. The TRO was granted on February 18, 2000. On March 1, 2000, the trial court dissolved its TRO but granted a temporary stay of execution until a hearing could be held to decide whether a stay of execution for the length of the administrative appeal should be granted.
On March 15, 2000, this hearing was held before a magistrate. Although it was not a hearing on the merits of the underlying appeal itself, Appellee presented considerable evidence that Teel was never an employee of the Sauna. Appellee provided tax records which showed that the only employee of the establishment was Appellee's wife, Chong. Both Appellee and Chong testified that Teel was not an employee. (Tr. 41, 67-68). Appellee testified that Chong was the only employee of the business and was the only person permitted to give massages there. (Tr. 41, 60). Chong testified that the Sauna was open 24 hours a day, and that she was either at the Sauna or on call all the time. (Tr. 70-71). Appellee and Chong testified that Mamason would sometimes act as the Sauna's attendant when Chong was busy. (Tr. 46, 64). If a customer arrived, Mamason would call Chong to come to the Sauna. (Tr. 72).
Teel was living in a room at the Sauna at the time of her arrest. (Tr. 64-65). Teel had arrived from Kentucky a few days earlier hoping to get a job. (Tr. 63). Testimony was provided to the effect that Teel was told that she could not be hired because she did not have a masseuse license. (Tr. 63, 67). Chong allowed Teel to stay at the Sauna until she could return to Kentucky. (Tr. 64-65).
As earlier stated, Mamason was acting as the attendant when Det. Allen arrived. (Tr. 72). Chong had previously instructed Mamason not to allow Teel to give any massages. (Tr. 64). Mamason attempted to contact Chong by phone after Allen arrived, but could not. (Tr. 74). Allen testified that Mamason opened the door to the massage room and allowed Teel to give him a massage. (Tr. 83-84).
On March 21, 2000, the magistrate ruled that the stay of execution would remain in effect until the trial court entered a final judgment in the administrative appeal. The Board of Trustees filed objections to the magistrate's decision, but the trial court overruled the objections and adopted the magistrate's decision on May 15, 2000, allowing the stay of execution to remain in place.
Also on March 21, 2000, the trial court set the administrative appeal for non-oral disposition unless one of the parties filed a motion seeking a hearing. In this entry the court ordered the parties to submit briefs. Neither party requested a hearing. On November 3, 2000, a retired judge was appointed to oversee the case. On January 5, 2001, based on the evidence in the record, including the transcript and exhibits from the March 15, 2000, stay of execution hearing, the court of common pleas reversed the Board of Trustees' decision to revoke the Sauna's license. The court based its decision on the lack of evidence that Teel was an employee of the Sauna.
On February 2, 2001, the Board of Trustees filed its notice of appeal.
The Board of Trustees' sole assignment of error asserts:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN REVERSING THE DECISION OF THE AUSTINTOWN TOWNSHIP BOARD OF TRUSTEES."
The Board of Trustees argues that the court of common pleas, in an administrative appeal, must weigh the evidence to determine whether a preponderance of reliable, probative and substantial evidence exists to support the administrative decision, citing Dudukovich v. Lorain MetroHousing Auth. (1979), 58 Ohio St.2d 202, 207. It points out that the trial court cannot simply substitute its judgment for that of the agency, Id., because a presumption in favor of the validity of a board or agency decision exists, citing C. Miller Chevrolet, Inc. v. City ofWilloughby Hills (1974), 38 Ohio St.2d 298, paragraph two of syllabus. The Board of Trustees asserts that Appellee had the burden to prove that its' decision was invalid, and not vice versa. Id.
The Board of Trustees's decision to revoke Appellee's license relies on R.C. § 503.44 which states:
"If a board of township trustees has adopted a resolution under section503.41 of the Revised Code, it shall * * * revoke a previously issued permit, for any of the following reasons:
"* * *
"(E) Any masseur or masseuse employed at the licensed massageestablishment has been convicted of or pleaded guilty to a violation of division (D) of section 503.42 of the Revised Code." (Emphasis added).
The Board of Trustees argues that Teel was convicted of a violation of R.C. § 503.42(D), and that this provided a basis to revoke the license. R.C. § 503.42 states:
"If a board of township trustees has adopted a resolution under section503.41 of the Revised Code:
"* * *
"(D) No person employed in a massage establishment located in the unincorporated area of the township shall knowingly do any of the following in the performance of duties at the massage establishment:
"(1) Place his or her hand upon, touch with any part of his or her body, fondle in any manner, or massage the sexual or genital area of any other person;
"(2) Perform, offer, or agree to perform any act which would require the touching of the sexual or genital area of any other person;
"* * *"
The Board of Trustees contends that because Teel pleaded guilty to R.C. § 503.42(D), and because she was Appellee's employee, R.C. § 503.44 mandates that it revoke the Sauna's license. The Board of Trustees asserts that such revocation was supported by substantial, reliable and probative evidence and that that evidence consisted of Teel's guilty plea.
The Board of Trustees argues that the trial court erroneously placed the burden on them to prove that Teel was an employee. The Board of Trustees argues that Appellee only produced his 1999 tax forms to show Teel was not an employee and that this evidence was not probative because Appellee testified that Teel arrived in 2000. The Board of Trustees contends that all other evidence presented by Appellee was neither reliable nor probative.
To bolster its position, the Board of Trustees concludes by stating that it was obvious that Teel was an employee and that her purpose was to give massages and solicit prostitution. They argue that the term employee can mean a variety of things and that the evidence reflected that Teel was an employee because she received free room and board instead of a paycheck. Based on the law as written and the record before us, however, the Board of Trustees' arguments are not well taken.
R.C. § 503.48 provides that an order revoking a massage establishment license may be appealed to the court of common pleas as an administrative appeal pursuant to R.C. Chapter 2506.
R.C. § 2506.04 states:
"The court [of common pleas] may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
The scope of review by the court of common pleas, as set forth in R.C. § 2506.04, requires the court to examine the, "substantial, reliable and probative evidence on the whole record." See Smith v. GranvilleTwp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 612. "Although a hearing before the Court of Common Pleas pursuant to R.C. 2506.01 is not denovo, it often in fact resembles a de novo proceeding. R.C. 2506.03
specifically provides that an appeal pursuant to R.C. 2506.01, `shall proceed as in the trial of a civil action,' and makes liberal provision for the introduction of new or additional evidence." Cincinnati Bell v.Glendale (1975), 42 Ohio St.2d 368, 370.
A court of common pleas, "should not substitute its judgment for that of an administrative board * * * unless the court finds that there is not a preponderance of reliable, probative and substantial evidence to support the board's decision." Kisil v. City of Sandusky (1984),12 Ohio St.3d 30, 34.
"The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henley v. YoungstownBd. of Zoning Appeals (2000), 90 Ohio St.3d 142, 147.
R.C. § 2506.03 allows additional evidence to be presented as part of the administrative appeal if certain conditions are met:
"(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
"(1) The transcript does not contain a report of all evidence admitted or profferred [sic] by the appellant;
"(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:
"(a) Present his position, arguments, and contentions;
"(b) Offer and examine witnesses and present evidence in support;
"(c) Cross-examine witnesses purporting to refute his position, arguments, and contentions;
"(d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions;
"(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.
"(3) The testimony adduced was not given under oath;
"(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body;
"(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from.
"If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party."
It is evident from the record that Appellee was not afforded a hearing prior to the Board of Trustees' decision to revoke its massage establishment license. Therefore, under R.C. § 2605.03(A)(2), the parties were free to introduce additional evidence as part of the administrative appeal and the court of common pleas was required to consider that evidence in making its determination.
R.C. § 2506.04 provides the mechanism for a further review by the appropriate court of appeals. "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Kisil, supra, 12 Ohio St.3d at 34.
"[R.C. § 2506.04] grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. at fn. 4.
"It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Lorain City School Dist.Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261; see also Henley v. Youngstown Bd. of Zoning Appeals (2000),90 Ohio St.3d 142, 148.
In the matter before us, the court of common pleas did take new evidence from the parties. It is unusual that the evidence was submitted as part of a hearing on a stay of execution rather than a hearing specifically on the merits. Nevertheless, the parties had an opportunity to request further hearing on the merits and, for whatever reason, decided to rely on the evidence brought from the administrative tribunal's record and the evidence introduced at the stay of execution hearing. The trial court determined that Appellee's license was revoked based on a violation of R.C. § 503.44(E), which requires that anemployee of the establishment be convicted of a violation of R.C. §503.42(D). The trial court, after reviewing all the evidence, determined that the preponderance of the evidence did not support the Board of Trustees' contention that Teel was an employee of the Sauna.
The court did not refer to any particular definition of employee in making its decision. The term "employee" is not defined in the statute governing massage establishments. "[W]ords left undefined by statute are to be interpreted by using their usual, common and everyday meaning."Ritchey Produce Co., Inc. v. Ohio Dept. of Adm. Serv. (1999),85 Ohio St.3d 194, 272. Black's Law Dictionary (5 Ed. 1979) 471, defines "employee" as follows: "A person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employees in the material details of how the work is to be performed." A judge of a court of common pleas is presumed to know the law and to use the proper legal definitions in making its determinations. State v. Martin (1955),164 Ohio St. 54, 59.
The administrative tribunal's record in this matter is, in a word, sparse. The common pleas court was faced with an administrative appeal of a largely factual issue: whether the Board of Trustees correctly determined that Teel was an employee of the Sauna. The trial court correctly proceeded to resolve this issue. The record contains considerable evidence that Teel was not authorized to act on behalf of the Sauna, did not have a contract of employment, was not given anything of value by Appellee in exchange for any services and was specifically told not to perform massages. The trial court found that the evidence did not support that Teel was an employee. Although the evidence was certainly not uncontroverted and could be interpreted differently, under this Court's standard of review, the factual determination of the court of common pleas must be given deference.
The Board of Trustees would have this Court give more deference to its administrative decision than to the court of common pleas review of that decision. As we have already made clear, the main difficulty with the Board of Trustees' view is that it did not afford Appellee a hearing before his license was revoked. The Board of Trustees could have granted Appellee such a hearing, although it is clearly not so required. R.C. § 503.48. Once the Board of Trustees chose to revoke Appellee's license without granting him a hearing, he then had a right to a full hearing as part of his administrative appeal. R.C. § 503.48; R.C. § 2506.03. The Board of Trustees would have this Court defer to a decision made without Appellant being accorded due process over that of a later decision made following a hearing which allows Appellant his rights. The Board of Trustees' argument is not consistent with this Court's standard of review as stated in Kisil, supra.
The Board of Trustees is also incorrect as to the evidentiary effect of Teel's guilty plea in her criminal charge on the outcome of this case. It is apparent both at the administrative level and upon review that the Board of Trustees believes that Teel's guilty plea is conclusive proof that she was an employee of the Sauna. The Board of Trustees bases this assumption on the nature of the criminal charge, because one of the elements of a violation of R.C.§ 503.42(D) is that the accused is an employee of a massage establishment.
A record of a criminal conviction is only some evidence, not conclusive evidence, of the facts attempted to be proved in a subsequent unrelated civil proceeding:
"`Evidence [of a conviction] offered pursuant to Evid.R. 803(21) is not conclusive of the fact sought to be proved, and the opponent may explain the prior conviction and may offer any evidence rebutting the fact sought to be proved by the proponent.'"
Phillips v. Rayburn (1996), 113 Ohio App.3d 374, 381, quoting Hickmanv. Kraft (Sept. 26, 1985), Pickaway App. No. 84 CA 2, unreported; see also Walden v. State (1989), 47 Ohio St.3d 47, 52. The record of the conviction may be accorded any weight which the factfinder deems appropriate. Id.
A plea of no contest is an admission of the facts in the indictment, whereas a plea of guilty is an admission of guilt only. Crim.R. 11(B)(1); Maxey v. Lenigar (1984), 14 Ohio App.3d 458, 461. The record shows that Teel pleaded guilty to the criminal offense, and did not plead no contest. There are multiple fact patterns which could support her guilty plea. The guilty plea, by itself, does not necessarily support any particular fact pattern and does not necessarily support that she was specifically employed by Appellee. At any rate, Teel's indictment is not in the record, so this Court has no way of knowing the specific facts in the indictment to which Teel pleaded guilty. As the record stands, Teel's guilty plea and conviction for violating R.C. § 503.42(D) does not necessarily prove that she was employed by Appellee.
This Court has recently held that, "[g]uilty pleas in criminal actions are traditionally treated as admissions in civil causes of action predicated on the same underlying facts." Mays v. Taylor (Dec. 14, 2001), Mahoning App. No. 00 CA 209, unreported. It is clear from Mays,
though, that a guilty plea is not an admission in the technical sense of Civ.R. 36, but rather, is an admission in the sense of a confession or a statement against interest. Civ.R. 36 admissions, "are not evidentiary admissions such as admissions against interest, but are more in the nature of stipulations. Their use is expressly limited to the pending action only." 1970 Staff Notes to Civ.R. 36. Although a Civ.R. 36 admission is conclusive of the facts admitted, a general evidentiary admission is not, and the trier of fact is free to accept or reject any testimony, confession or statement against interest, even if it is unrebutted. Hotel Statler v. Cuyahoga Cty. Bd. of Revision (1997),79 Ohio St.3d 299, 304; State v. Simko (1994), 71 Ohio St.3d 483, 494.
One of the primary reasons for allowing a party in a civil case to rebut the facts underlying a prior guilty plea is that, "in many cases a plea of guilty may, in fact, amount to a compromise by the defendant to avoid an expensive or undesirable trial, or both." State ex rel. Kendziav. Carney (1969), 20 Ohio St.2d 37, 40 (Schneider, J., dissenting).
Even if the Board of Trustees' assumption that the issue of whether Teel was Appellee's employee was fully litigated and determined in her criminal case, any preclusive effect of such a statement can only be used against Teel herself and not against Appellee in a subsequent and unrelated civil proceeding. Teel's criminal conviction involved two parties: Teel herself, and the State of Ohio. Issue preclusion (or collateral estoppel, as it was formerly called), only bars the relitigation of facts and issues which were previously litigated by thesame parties, or those in privity with them. See, e.g., Fort FryeTeachers Ass'n, OEA/NEA v. State Employment Relations Bd. (1998),81 Ohio St.3d 392, 395; Norwood v. McDonald (1943), 142 Ohio St. 299, paragraph three of syllabus. Appellee was not a party to Teel's criminal case. Any issue determined in that criminal case is not binding on Appellee in this civil proceeding.
Although Teel's conviction has no preclusive effect against Appellee, it may nevertheless contain useful and relevant evidence pertaining to the case under review. Appellee was free to rebut that evidence, which he did. The trial court was able to make its own determination of the relative weight of the conflicting evidence, and the record contains reasonable support for the trial court's conclusion that Teel was not Appellee's employee when she was arrested and eventually convicted for a violation of R.C. § 503.42(D). If Teel was not Appellee's employee, there was no basis upon which the Board of Trustees could revoke Appellee's license and the trial court properly reversed the decision of the Board of Trustees.
For all of the foregoing reasons, we overrule the Board of Trustees' sole assignment of error and we affirm the judgment of the Mahoning County Court of Common Pleas.
Donofrio, J., concurs.
DeGenaro, J., concurs.