HARTFORD ACCIDENT & INDEMNITY CO., APPELLANT, *v.*
PROCTER & GAMBLE CO., APPELLEE.

(No. 7587—Decided June 30, 1952.)

*Mr. Sol Goodman,* for appellant.
*Messrs. Dinsmore, Shohl, Sawyer & Dinsmore,* for appellee.

DOYLE, J.  To a petition of the Hartford Accident & Indemnity Company, seeking damages for personal injury in the amount of $50,000, alleged to have been suffered by one Zelma C. Clarke as the result of

the negligence of the Procter & Gamble Company, a demurrer was sustained and a judgment was entered for the defendant company, on the ground that the action was not commenced within two years from the time the cause of action accrued. From such final order in the Court of Common Pleas of Hamilton County, the present appeal has been taken.

. It appears in the petition that the claimant, at the time of her alleged injuries (received on or about September 28, 1948, in the state of New York), was employed by the "Hearst Magazines and/or Inter-National Circulation Service Co." In the course of her employment, she was required to "handle" and did use a product manufactured by the Procter & Gamble Company, of Ohio. It is asserted, *inter alia,* that, as a result of the delict of the manufacturing company, she was injured by inherently dangerous ingredients in the compound.

Following her injuries, she sought and received workmen's compensation, which was paid to her by the Hartford Accident & Indemnity Company, an authorized insurance carrier; all pursuant to the laws of the state of New York. After the New York statutory time had elapsed within which she could have brought suit against the claimed third person tort-feasor (Procter & Gamble Company), the Hartford Accident & Indemnity Company commenced the present action, under a right claimed to exist in it as an assignee of the cause of action by virtue of New York law.

The New York law bearing upon these claimed rights appears in Section 29 of that state's workmen's compensation legislation (Chapter 67, Article 2, Section 29, Consolidated Laws of New York), and is to the effect that an employee injured by the negligence of a third person may "take * * * compensation and medical benefits and at any time either prior thereto or within six months after the awarding of compensa-

tion * * * pursue his remedy against such other [third person] * * *.'' The statute continues by providing that ''If such injured employee * * * has taken compensation * * * but has failed to commence action against such other within the time limited therefor * * *, *such failure shall operate as an assignment of the cause of action against such other* to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise *to the person, association, corporation, or insurance carrier liable for the payment* of such compensation.'' Continuing, the statute provides that, if a judgment is obtained against the tort-feasor in an amount greater than the compensation previously awarded to the injured employee plus the cost of medical treatment and reasonable expenditures, the employee shall be paid two-thirds of such excess ''and to the extent of two-thirds of any such excess such recovery shall be deemed for the benefit of such employee * * *.'' (Italics ours.)

The trial court sustained a demurrer to the petition, as heretofore stated, on the theory that the action was controlled by Section 11224-1, General Code of Ohio, which limits the time to two years for the institution of actions for personal injuries.

It is here claimed to the contrary that the action should be governed by Section 11222, General Code of Ohio, which is in the following terms:

''An action upon * * * a liability *created* by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.'' (Italics ours.)

As has been noted, the action was instituted in this state by an assignee to recover for injuries sustained in the state of New York by the assignor. In actions of this character, the trial court is governed by the substantive law of New York and the adjective law

of Ohio. *Freas* v. *Sullivan,* 130 Ohio St., 486, 200 N. E., 639; *Collins, a Minor,* v. *McClure,* 143 Ohio St., 569, 56 N. E. (2d), 171.

Governed as we are by the adjective law of this state, we have, then, this question: Whether the right of the plaintiff to sue is a common-law right to sue for personal injuries arising out of tort, or whether it is a right to sue upon a liability created by statute.

It is generally held that workmen's compensation statutes relate solely to the relationship of employer and employee; and that an injured employee may, in addition to receiving compensation from his employer for injuries received in the course of his employment, sue for and recover damages for the same injuries from a third person tort-feasor whose negligence has proximately caused his damage. *Trumbull Cliffs Furnace Co.* v. *Shackovsky,* 111 Ohio St., 791, 146 N. E., 306; *George* v. *City of Youngstown,* 139 Ohio St., 591, 41 N. E. (2d), 567. Such is also the law of New York.

This common-law right to sue the third person tortfeasor is specifically preserved to the injured workman by the New York statutes—with the provision, however, that, if he fails to prosecute his right within a specified time, "such failure shall operate as an assignment of the cause of action" against such third person, to (in the case under consideration) the insurance carrier which paid the state compensation.

The case law in New York, in treating this general subject, is to the effect that, by operation of the statute, the insurance carrier becomes the absolute assignee of the cause of action which originally belonged to the injured employee, the ownership of which he, by his failure to prosecute, relinquished. *Commissioners of State Insurance Fund* v. *Clark Carting Co., Inc.,* 274 App. Div., 559, 86 N. Y. Supp. (2d), 313; *Shakandy, Admx.,* v. *State,* 274 App. Div., 153, 80 N. Y. Supp. (2d), 849.

It is the conclusion of this court that, in applying the adjective law of this state to the substantive law of New York, the bar of the statute (Section 11224-1, General Code—two-year statute of limitations) is complete, for the reason that the cause of action is for personal injuries predicated upon common-law negligence; and "Where the bar of the statute is complete against the person from whom right or title was derived, it is operative and binding against the successor." 53 Corpus Juris Secundum, Limitation of Actions, Section 18 b, and cases cited. See, also, *Squire, Supt.,* v. *Guardian Trust Co.,* 79 Ohio App., 371, paragraph seven of syllabus, 72 N. E. (2d), 137.

The cause of action in the injured workman existed independent of the statute as a common-law right to recover for personal injuries. By statute, the ownership was assigned. The assignment did not change the character of the cause of action into one "created" by statute. The assignee stands in the shoes of his assignor with respect to the subject of the assignment.

The trial court was right in all respects in its judgment. It will be affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and METCALF, J., concur.

DOYLE, J., of the Ninth Appellate District, and METCALF, J., of the Fourth Appellate District, sitting by designation in the First Appellate District.