GRIFFIN, APPELLANT, *v.* GAR WOOD INDUSTRIES, INC., APPELLEE.

(No. 549—Decided March 16, 1954.)

*Messrs. Morrison, Hecker, Buck, Cozad & Rogers* and *Mr. Richard J. Rinebolt,* for appellant.

*Messrs. Betts & Betts* and *Mr. William Finn,* for appellee.

MIDDLETON, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas sustaining the motion of the defendant for judgment on the pleadings.

Plaintiff seeks, in his amended petition, to recover damages for alleged personal injuries suffered as a result of the negligence of the defendant.

Plaintiff, in his amended petition, states that he is a resident of the state of Kansas and that the defendant is a corporation doing business in the state of Ohio, and engaged in the building of a machine used in the construction of trenches.

Plaintiff further states that he purchased one of the machines from the defendant, which was delivered to plaintiff on or about December 16, 1946, in Merriam, Kansas, and that the plaintiff, in unloading the machine, was injured and that said injuries were caused by the negligence and carelessness of the defendant.

To this amended petition the defendant filed an amended answer, and as a fourth defense states that on December 16, 1946, and at all times referred to in plaintiff's amended petition, G. S. 1945 Supplement, 44-504, was a valid and subsisting law in the state of Kansas in full force and effect and provided as follows:

"When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other.

person. In the event of recovery from such other person by the injured workman, or his dependents or personal representatives of a deceased employee by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by him to date of such recovery and shall have a lien therefor against such recovery, and the employer may intervene in any action to prosecute and enforce such lien. Such action against the other party, if prosecuted by the workman, must be instituted within one year from the date of the injury, and, if prosecuted by the dependents or personal representatives of a deceased workman, must be instituted within eighteen months from the date of such injury. Failure on the part of the injured workman or the dependents or personal representatives of a deceased workman to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman or the dependents or personal representatives of a deceased workman may have against any other party for such injury or death, and such employer may enforce same in his own name or in the name of the workmen, his dependents or personal representatives by proper action in any court of competent jurisdiction."

As a part of its fourth defense, defendant avers that the plaintiff is not the real party in interest and that said action is in fact prosecuted by The New Amsterdam Casualty Company. The defendant avers further that the plaintiff, at the time of the accident, was an officer and employee of The Griffin Construction Company, a Kansas corporation, and was working in the course of his employment for said corporation; that said corporation was subject to the Workmen's Compensation Act of the state of Kansas; that said insurance company, as insurer of said corporation, as-

sumed liability under said act, and the Workmen's Compensation Commissioner duly entered an award in favor of plaintiff herein on account of all disabilities sustained by the plaintiff as the result of the injuries received and described in plaintiff's amended petition, and, in addition thereto, said commissioner awarded plaintiff a sum in full payment of hospital and medical expenses incurred as a result of such injuries; that said sums awarded plaintiff by said commissioner were paid to plaintiff and received and accepted by plaintiff in full payment of any monies due plaintiff under said compensation act on account of the injuries sustained by plaintiff, in the accident referred to in the amended petition.

As a part of said fourth defense, defendant states that plaintiff failed to institute any action against defendant within one year from the date of said injury or injuries; and, by the terms and limitations of the aforesaid section of the Workmen's Compensation Act, such failure on the part of the plaintiff to bring any action operated as an assignment of any cause of action to the said The Griffin Construction Company and the said New Amsterdam Casualty Company; and said companies are the real parties in interest herein.

As a part of its fifth defense, defendant states that, if it should transpire that the plaintiff herein is the real party in interest, which defendant specifically denies, and that said companies are not the real parties in interest, then in that event, this action is barred by the aforesaid section of the Workmen's Compensation Act heretofore set forth which required plaintiff to institute this action within one year from December 16, 1946, the date the plaintiff alleges said injuries were sustained.

Plaintiff, replying to the fourth defense of defendant's amended answer, states that he made a claim against his employer, The Griffin Construction Com-

pany, a Kansas corporation, under the Workmen's Compensation Statute of Kansas, on account of the injuries received by him on December 16, 1946, and described in plaintiff's amended petition, and on January 5, 1948, the Workmen's Compensation Commissioner made an award in favor of the plaintiff in the total amount of $2,175.26, which amount was paid by The New Amsterdam Casualty Company.

Plaintiff, further replying, says that on December 16, 1946, Section 44-504, 1945 Supplement to the General Statutes of Kansas, 1935, was a valid and subsisting law in the state of Kansas in full force and effect, but denies that the provisions of said statute affected any assignment of plaintiff's cause of action set forth in plaintiff's amended petition, and denies that plaintiff is barred from prosecuting this action.

Plaintiff, further replying, says he is the real party in interest in said action.

Plaintiff's cause of action arose in the state of Kansas and his right to maintain his action must be governed by the laws of Kansas.

The court in this action is required to follow and apply the substantive law of the state of Kansas, as set forth in the within quoted section 44-504 of the Kansas statutes. *Hartford Accident & Indemnity Co.* v. *Procter & Gamble Co.*, 91 Ohio App., 573, 109 N. E. (2d), 287.

The pleadings admit that the plaintiff was injured on December 16, 1946, and his action was not commenced until twenty-three months thereafter, or on November 24, 1948.

As hereinbefore set out, the Kansas statute provides:

"Such action against the other party, if prosecuted by the workman, must be instituted within one year from the date of the injury * * *. Failure on the part of the injured workman * * * to bring such action within the time herein specified, shall operate as an assign-

ment to the employer of any cause of action in tort which the workman * * * may have against any other party for such injury * * *."

Failure on the part of the plaintiff to bring his action within one year from December 16, 1946, operated as a complete assignment of any and all claims he may have had against the defendant for damages resulting from such injuries.

Plaintiff's right of action is subject to the substantive law of Kansas. However, the enforcement of this right is controlled by the adjective or procedural law of Ohio.

Section 2307.05, Revised Code of Ohio (Section 11241, General Code), provides that actions must be prosecuted in the name of the real party in interest.

At the expiration of one year from the date of the injury without commencing an action against the defendant, any and all interest the plaintiff had was, by operation of the substantive law of Kansas, assigned to the plaintiff's employer. At the expiration of said time the plaintiff retained no beneficial interest therein which he could assert against the defendant.

The averments and admissions in the pleadings show that the plaintiff's action was not commenced within one year, the time required by the Kansas statute, and plaintiff is not the real party in interest as any interest, he may have had, had been assigned to his employer prior to the filing of the present action.

The action of the trial court in sustaining defendant's motion for judgment on the pleadings was proper and is affirmed.

*Judgment affirmed.*

YOUNGER, P. J., and GUERNSEY, J., concur.