WEETON, APPELLANT, *v.* PRADIST SATAYATHUM, M.D., INC. ET AL., APPELLEES.

(No. 48166—Decided December 10, 1984.)

*Weisman, Goldberg & Weisman* and *R. Eric Kennedy,* for appellant.

*Reminger & Reminger Co., L.P.A.,* and *Gary H. Goldwasser,* for appellees.

ANN MCMANAMON, J.     Kathleen Weeton appeals the dismissal of her medical malpractice suit against appellees, Pradist Satayathum, M.D., Inc. and Pradist Satayathum, M.D.

Appellant Weeton, who filed her complaint in the common pleas court on September 10, 1982, made a claim that the appellees and or their agents failed to provide her with adequate information concerning the risks of a surgical procedure which she claims they subsequently negligently performed on her.

On November 18, 1982, the appellees moved the court to dismiss the complaint, contending that appellant's action was barred by the one-year statute of limitations contained in R.C.

2305.11. They argued that the physician-patient relationship of the parties had terminated on April 8, 1980. In an attached affidavit, Dr. Satayathum averred that he had "not had any professional communication of any kind with the plaintiff since April 8, 1980."

This motion was dismissed on February 17, 1983 after Weeton submitted her affidavit attesting that she had never terminated the relationship nor considered it at an end, and, further, that Dr. Satayathum had never "expressed his intention or belief" that their relationship was terminated. She also averred that Dr. Satayathum had written her two prescriptions, on March 27, 1981 and July 18, 1981, respectively. The March 27 prescription was supported by documentary evidence included in her response to appellees' motion. In addition, Weeton provided evidence that she had served written notice on Dr. Satayathum on June 10, 1982 that she was considering a malpractice suit against him.

Following publication by the Ohio Supreme Court of *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111,[1] the appellees filed a second motion to dismiss. Their contention was that the court's ruling — "Under R.C. 2305.11(A), a cause of action for medical malpractice accrues and the statute of limitations commences to run when the patient discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury" — warranted dismissal of the complaint. Appellees submitted portions of the deposition testimony of appellant which indicated that she was initially aware of injuries attributable to Dr. Satayathum by June 5, 1980, at the latest. They posited that under the statutory construction in *Oliver*, her complaint should

have been filed by June 5, 1981, two years before the publication of *Oliver*.

The trial court granted the appellees' second motion on January 31, 1984, and it is that dismissal which Weeton now timely appeals. She raises one assignment of error[2] which we find to be well-taken.

R.C. 2305.11(A) provides that an "action for malpractice against a physician * * * shall be brought within one year after the cause thereof accrued." At the time that appellant filed suit the limitation set forth in this section had been judicially construed "to run at the latest upon the termination of the physician-patient relationship whether, within the time limited by the statute, the act constituting malpractice is known or unknown by the one upon whom it was committed." *DeLong* v. *Campbell* (1952), 157 Ohio St. 22 [47 O.O. 27], syllabus. See, also, *Gillette* v. *Tucker* (1902), 67 Ohio St. 106, *Amstutz* v. *King* (1921), 103 Ohio St. 674, and *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164 [54 O.O.2d 283].

Clearly, the Ohio Supreme Court in *Oliver, supra,* has overruled these prior decisions by replacing its termination rule with a discovery rule.

We are asked to determine whether the trial court erroneously applied *Oliver* retroactively so as to bar appellant's claim, despite the fact that, on the date she brought suit, her action was timely.

The effect of decisions which overrule prior opinions has been enunciated in *Peerless Electric Co.* v. *Bowers* (1955), 164 Ohio St. 209, 210 [57 O.O. 411], to be "* * * a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law. The

---

[1] *Oliver* was decided on June 8, 1983.

[2] "Whether the trial court committed

reasonable [*sic*] error by granting defendant-appellee's [*sic*] motion to dismiss and/or motion for summary judgment."

one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision."

Of particular note in the case at bar is the "vested rights" exception to retroactive application. The Ohio Supreme Court has recognized, in a host of cases, that an accrued cause of action is a substantive vested right. See *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48 [61 O.O.2d 295]; *Cook* v. *Matvejs* (1978), 56 Ohio St. 2d 234 [10 O.O.3d 384]; *Baird* v. *Loeffler* (1982), 69 Ohio St. 2d 533 [23 O.O.3d 458]; *Adams* v. *Sherk* (1983), 4 Ohio St. 3d 37.

In each of the above-cited cases the court rejected retroactive application of amended statutes of limitations when to do otherwise would destroy the opportunity of a claimant to seek relief.

We particularly note the unambiguous statement found in *Baird, supra,* at 535:

"Although statutes of limitations are remedial in nature and may generally be classified as procedural legislation, a retroactive application which 'operates to destroy an accrued substantive right' conflicts with Section 28, Article II of the Ohio Constitution. *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48 [61 O.O.2d 295], paragraphs one and three of the syllabus. *Gregory* provides a means to save from constitutional infirmity a statute of limitation which is applicable to actions accrued before its enactment: ' "* * * [o]n the theory that a right to sue once existing becomes a vested right, and cannot be taken away altogether, it does not conclusively follow that the time within which the right may be asserted and maintained may not be limited to a shorter period than that which prevailed at the time the right arose, provided such limitation still leaves the claimant a *reasonable time* within which to enforce the right." ' (Emphasis deleted in part.) *Id.,* at page 54, citing *Smith* v. *New York Central Rd. Co.* (1930), 122 Ohio St. 45, 48.

"In *Cook* v. *Matvejs* (1978), 56 Ohio St. 2d 234, 237 [10 O.O.3d 384], we stated there is a distinction 'between the operation of an amended statute of limitations which *totally* obliterates an existing substantive right and one which merely shortens the period of time in which the remedy can be realized.' (Emphasis *sic.*) The latter application of an amended statute is not unlawful as long as a prospective claimant is still afforded a reasonable time in which to enforce his right. The concept of reasonableness ' "must accord a reasonable time *after the effective date* of the amendment, for the assertion of existing substantive or vested rights." ' (Emphasis *sic.*) *Id.*"

Although each of the cases we have cited relates to legislative amendment of appropriate limitation statutes, we find the reasoning advanced for declining retroactive application is equally appropriate in the case at bar.

We also recognize that this case not only concerns an accrued right, but one that was exercised by commencement of a lawsuit, timely instituted in accordance with the law as it existed on the date of filing.

Appellant's assignment of error is meritorious.

The dismissal of appellant's complaint is reversed and the matter remanded to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

PARRINO, P.J., and PATTON, J., concur.