JOHN GLASS, PLAINTIFF, v. FRANK SPAITS & GEORGE SPAITS, DEFENDANTS.

Superior Court of New Jersey
Law Division (Civil)
Atlantic County

Decided July 31, 1987.

*Janice M. Izes* for plaintiff (*Weiss, Healey & Rea,* attorneys).

*Stanley M. Greenspan* for defendants (*Cooper, Perskie, April, Niedelman, Wagenheim & Weiss,* attorneys).

WEINSTEIN, P.J.Cv.

This matter comes before the Court on defendants' motion for summary judgment. Movant asserts that plaintiff's claim is barred by *N.J.S.A.* 2A:14-2, which provides that:

every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within two years next after the cause of any such action shall have accrued.

Factually, it is undisputed that on June 21, 1984 plaintiff was struck by an automobile resulting in bodily injuries. At the time of the accident plaintiff was engaged in the furtherance of his employer's business in the State of Oklahoma. A workers' compensation claim was filed and on April 8, 1985 the Oklahoma Workers' Compensation Court awarded plaintiff compensation in the amount of $9,542.79 and medical reimbursement of $1,021.89, all of which has been paid by the employer's carrier, National Union Fire Insurance Company. The present action was instituted on November 21, 1986 at the instance of National Union Fire Insurance Company pursuant to its right of subrogation to recover from defendants the moneys paid by it in compliance with the workers' compensation award.

In contesting defendants assertion that this claim is time barred, plaintiff argues that *N.J.S.A.* 2A:14-2 must be read in conjunction with *N.J.S.A.* 34:15-40(f) and acts to modify the

implication of that statute of limitations. *N.J.S.A.* 34:15–40(f) provides:

When an injured employee or his dependents fail within 1 year of the accident to either effect a settlement with the third person or his insurance carrier or institute proceedings for recovery of damages for his injuries and loss against the third person, the employer or his insurance carrier, 10 days after a written demand on the injured employee or his dependents, can either effect a settlement with the third person or his insurance carrier or institute proceedings against the third person for the recovery of damages for the injuries and loss sustained by such injured employee or his dependents and any settlement made with the third person or his insurance carrier or proceedings had and taken by such employer or his insurance carrier against such third person, and such right of action shall be only for such right of action that the injured employee or his dependents would have had against the third person, and shall constitute a bar to any further claim or action by the injured employee or his dependents against the third person....

Plaintiff argues that this cause of action does not accrue until after it has made payment of the compensation award and therefore the two-year period within which to institute the action did not commence to run until April 8, 1985. Alternatively, plaintiff asserts that since there is no right of action until one year and ten days has elapsed without the injured plaintiff instituting suit, the statute should begin to run from July 31, 1985, one year and ten days after the automobile accident. I find neither argument persuasive.

*N.J.S.A.* 34:15–40(f) does not create a new right but extends the existing right of the injured employee to the employer or his insurance carrier under the circumstances outlined therein. "[S]uch right of action shall be only for such right of action that the injured employee or his dependents would have had against a third person...." *Ibid.* In *Walker v. Steneck*, 23 *N.J.Misc.* 156 (Cty.D.Ct.1945) plaintiff sustained injuries as a result of an automobile accident on May 23, 1942. The accident having occurred in the course of his employment plaintiff was awarded workers' compensation benefits. Two-and-one-half years after the accident a civil action was instituted in which the employer's carrier was the real party in interest. In holding that plaintiff's claim was time barred the court said:

The very wording of the statute from which the substituted plaintiff secures its rights restricts it to the right of action that the [e]njured [*sic*] employee had or in other words a violation of her personal rights. It could possibly be termed statutory subrogation. The substituted plaintiff in this instance would be subject to the same defenses as are available against the injured employee and therefore the Statute of Limitations would be that of *N.J.S.A.* 2:24–2 [23 *N.J.Misc.* at 158].

Because the employee's action was time barred, so was the claim of the subrogated insurance carrier. Implicit in the court's holding was that plaintiff's action accrued on the date of the injury.

Plaintiff's reliance on *Feinsod v. L & F Construction Co.*, 16 *N.J.Misc.* 514 (1938) is misplaced. Not only is that a decision of the Division of Workers' Compensation, which is not binding upon this court, but more importantly it does not deal with the statute of limitation issue that is here presented.

■ I decline to hold that the subrogation action of the workers' compensation insurer, pursuant to *N.J.S.A.* 34:15–40(f) creates a new cause of action which accrues at the time the compensation insurer makes payment of the compensation award. The carrier's rights do not rise any higher than those of the injured employee in whose shoes the carrier stands. The carrier acknowledges that it was aware of the accident and injury when the workers' compensation claim was initially filed. It had the right and opportunity to follow the course of events and ascertain if, in fact, a civil action was filed by John Glass on or before June 21, 1985. By reasonable attention to this matter the carrier would have indeed found that Glass had not filed such an action and on ten days notice, could have initiated the action well within the two-year time frame prescribed by *N.J.S.A.* 2A:14–2. The carrier chose to slumber on its rights and should not now be heard to complain. I am persuaded by *Walker v. Steneck, supra,* which finds accord in a number of other jurisdictions. *See Hartford Accident & Indemnity v. Eastern Air Lines, Inc.*, 155 *F.Supp.* 263 (D.C.N.Y.1957); *State, for use of Mayor & City Council of Balt.*, 151 *Md.* 147, 134 *A.* 26 (1926); *Hartford Accident & Indemnity v. Proc-*

*ter & Gamble,* 91 *Ohio App.* 573, 49 *Ohio Op.* 159, 109 *N.E.*2d 287 (1952); *Insurance Co. of North America v. Carnahan,* 446 *Pa.* 48, 284 *A.*2d 728 (1971); *Harleysville Mutual Ins. Co. v. Smith,* 352 *Pa.Super.* 174, 507 *A.*2d 828 (1986). *See also* Annotation, "When Does Statute of Limitations Begin to Run Upon an Action by Surrogated Insurer Against Third–Party Tortfeasor," 91 *A.L.R.*3rd 844.

Plaintiff's alternative argument is no more convincing. If the Legislature had intended to give the employer or its insurance carrier a three-year, ten-day period within which to institute suit it would have said so.

Plaintiff, having failed to file his complaint prior to June 21, 1986, the complaint is time barred. Defendant's motion for summary judgment is therefore granted, there being no genuine issue of material fact to submit to a jury for consideration.