## Davis v. Brocker
### [Cite as 8 AOA 299]

*Case No. 90 CA 32*
*Mahoning County, (7th)*
*Decided December 17, 1990*

*Martin S. Goldberg, 20-1/2 West Boardman Street, Youngstown, Ohio 44503, for Plaintiffs-Appellees.*

*Richard C. Shelar, 225 Main St., P.O. Box 231, Leetonia, Ohio 44431-0231 and Joseph F. Grochmal, 1404 Alleghany Tower, 625 Stanwix Street, Pittsburgh, Pa. 15222, for Intervening Use-Plaintiffs-Appellants.*

*Eldon S. Wright, Martin J. Boetcher, 1200 Mahoning Bank Building, Youngstown, Ohio 44503, for Defendant-Appellee.*

DONOFRIO, J.

This is an appeal from the Court of Common Pleas of Mahoning County, Ohio, from a judgment of the trial court dismissing the intervening use-plaintiffs-appellants, Lawson Milk, Inc./Aetna Life & Casualty Company (hereinafter "appellants").

This case began as a medical malpractice action based on the alleged negligent performance of carpal tunnel surgery on plaintiff-appellee, Annabell Davis, by Dr. Robert Brocker on June 27, 1983. On June 6, 1979, appellee Davis sustained work-related injuries while working as a sales clerk assistant for Lawson Milk, Inc. in the Commonwealth of Pennsylvania. As a result of these injuries, she was paid workers' compensation benefits and medical expenses under the Pennsylvania Workers' Compensation Act. On August 22, 1989, appellants filed their complaint, alleging a right of subrogation with respect to the damages which may be awarded in the medical malpractice action. Defendant-appellee; Dr. Brocker, moved for summary judgment against appellant. The trial court determined that there was no just reason for delay, that intervenor's rights, if any, to subrogation would, if applicable, arise in Ohio, and therefore dismissed appellant as an intervening plaintiff.

Under Pennsylvania law, appellants would be entitled to be subrogated to the right of the employee against a third party to the extent of compensation payable under the Pennsylvania Workers' Compensation Act. Under Ohio law, this would not be the case.

Appellant sets forth one assignment of error, which states:

"The judge of the Court of Common Pleas erred in dismissing the intervening use plaintiffs by concluding that their right to subrogation (on the basis of workers' compensation benefits paid under the laws of Pennsylvania) is not applicable to an alleged act of medical malpractice taking place in Ohio."

We find this assignment of error has no merit for the following reasons.

The trial court, in its judgment entry, stated:

"The law of the place of the injury (*lex loci delicti*) controls unless another jurisdiction has a more significant relationship to the lawsuit. The lawsuit is malpractice and obviously Ohio has the most significant relationship.

"The alleged medical malpractice took place in Ohio. Intervenor's rights, if any, to subrogation would, if applicable, arise in Ohio.

"Ohio law therefore applies. Lawson Milk, Inc./Aetna Life and Casualty Company

is therefore dismissed as Intervening Plaintiff."

The trial court's judgment is consistent with the court's decision in *Morgan v. Biro Mfg. Co.* (1984), 15 Ohio St. 3d 339, which sets forth the factors to be considered in determining which state's law should be applied. The court in *Morgan*, at 342, stated:

"When confronted with a choice-of-law issue in a tort action under the Restatement of the Law of Conflicts view, analysis must begin with Section 146. Pursuant to this section, *a presumption is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit*. To determine the state with the most significant relationship, a court must then proceed to consider the general principles set forth in Section 145. The factors within this section are: (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under Section 6 which the court may deem relevant to the litigation. All of these factors are to be evaluated according to their relative importance to the case." (Emphasis added.)

Applying the analysis set forth by the Ohio Supreme Court in the case of *Morgan*, the substantive law of the state of Ohio should apply in this case; therefore, Lawson Milk, Inc. and Aetna Life & Casualty Company's claims for subrogation against appellee Dr. Brocker are not permitted. In the present case, since the injury occurred in Ohio, a presumption is created that Ohio law controls. *Morgan* at 342. Lawson Milk, Inc. and Aetna Life & Casualty Company are seeking subrogation to the rights of appellee, Annabell Davis, for exacerbation or increase in her disability which was allegedly caused by the subsequent negligent medical treatment of her condition by the appellee doctor on June 27, 1983.

Appellant cites the case of *Griffin v. Gar Wood Industries, Inc.* (1954), 97 Ohio App. 129. The appellate decision in *Griffin* was decided prior to the Supreme Court decision in *Morgan*, supra. In addition, *Griffin* is distinguishable. In *Griffin*, plaintiff was a Kansas resident working for a Kansas corporation. While in the course of his employment, plaintiff was injured due to the alleged negligence of a third party tortfeasor who was an Ohio corporation. The injury occurred in Kansas. Kansas law provided for a subrogation right of an employer against the third party tortfeasor. The *Griffin* court concluded that because plaintiff's cause of action arose in Kansas where the alleged injury occurred, his right to maintain his action must be governed by the substantive laws of the state of Kansas.

In the instant case, Annabell Davis' cause of action arose in the state of Ohio on June 27, 1983. Annabell Davis' cause of action is based upon an alleged negligent surgical operation by Dr. Robert Brocker in the state of Ohio.

For the foregoing reasons, we find the trial court's judgment to be correct and we, therefore, overrule appellant's assignment of error and accordingly affirm the judgment of the trial court.

Judgment affirmed.

O'NEILL, P.J., concurs., COX, J., concurs.