DAVIS, Appellant, et al.,

v.

BECTON DICKINSON AND COMPANY, Appellee.

[Cite as *Davis v. Becton Dickinson & Co.* (1998), 127 Ohio App.3d 203.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72335.

Decided April 6, 1998.

*McCarthy Lebit Crystal & Haiman, Mark B. Cohn, Julie L. Juergens* and *Charlene R. Mileti,* for appellant.

*Arter & Hadden, Victoria L. Vance, Lois J. Cole* and *Irene Keyse-Walker, for appellee.*

---

PATRICIA ANN BLACKMON, Administrative Judge.

Cynthia Davis, plaintiff-appellant, appeals from a summary judgment granted in favor of Becton Dickinson & Company, defendant-appellee. Davis, an emergency room nurse, contracted Hepatitis C after being accidentally stuck with a syringe manufactured by Becton Dickinson & Company. Davis assigns the following two errors for our review:

"I. The trial court erred in granting appellee's motion for summary judgment because Ms. Davis' cause of action is not barred by the statute of limitations.

"II. The trial court erred in reconsidering appellee's motion for summary judgment."

Having reviewed the record and the legal arguments of the parties, we affirm the judgment of the trial court. The apposite facts follow.

On August 5, 1991, Davis, a trauma nurse in the Mt. Sinai Trauma Unit, was drawing blood from a patient who had overdosed. After drawing blood, someone in the crowded emergency room bumped her, which caused her to stick the syringe into her left thumb. In February 1992, after donating blood, Davis was notified that her blood tested positive for abnormal liver enzymes. Davis went to her family physician, Dr. Jonathan Klarfeld, for follow-up. Blood tests conducted in May 1992 confirmed the presence of abnormal liver enzymes and revealed the presence of the Hepatitis C antibody.

Klarfeld referred Davis to a liver specialist, Dr. Anthony Tavill. On August 24, 1992, Tavill again tested Davis's blood and informed her that she had Hepatitis C and that she most likely acquired it through the accidental needle stick.

On January 6, 1995, Davis filed a product liability action against Becton Dickinson. Becton Dickinson moved for summary judgment, arguing that Davis's action was barred by the statute of limitations set forth in R.C. 2305.10, which provides that "[a]n action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose." Becton Dickinson argued that Davis's cause of action arose no later than August 24, 1992, when Dr. Tavill informed her that she had Hepatitis C. Accordingly, Becton Dickinson argued that Davis had two years from that date to file her action. In support of their argument, Becton Dickinson cited *McAuliffe v. W. States Import Co.* (1995), 72 Ohio St.3d 534, 651 N.E.2d 957 (*McAuliffe II* ), in which the Ohio Supreme Court held that product liability actions alleging personal injury are governed by the two-year statute of limitations in R.C. 2305.10.

In response to the motion for summary judgment, Davis argued that her claim was governed by this court's decision in *McAuliffe v. W. States Import Co.* (Dec. 16, 1993), Cuyahoga App. No. 65297, unreported, 1993 WL 527880 (*McAuliffe I* ), which applied a six-year statute of limitations for product liability cases. Davis argued that *McAuliffe I* governed her case because it was not reversed by the Ohio Supreme Court in *McAuliffe II* until July 26, 1995, more than six months after she filed her complaint. While recognizing the general rule set forth in *Peerless Elec. Co. v. Bowers* (1955), 164 Ohio St. 209, 210, 57 O.O. 411, 411, 129 N.E.2d 467, 468, that a decision by a superior court overruling a former decision applies retrospectively, Davis argued that her case was an exception to the rule because she had a "vested right" to a six-year statute of limitations under *McAuliffe I.*

On February 5, 1996, Becton Dickinson's motion for summary judgment was overruled by Judge John Angelotta. Discovery continued in the case. In January 1997, a pretrial hearing was held before Judge Mary Jane Boyle. Thereafter, Becton Dickinson renewed its motion for summary judgment. On March 26, 1997, Judge Boyle granted the motion. This appeal followed.

The issue raised by Davis's first assignment of error is whether the trial court applied the proper statute of limitations to her case. Davis argues that her case should have been governed by the six-year statute of limitations of R.C. 2305.07 because, as this court held in *McAuliffe I,* her claim was "an action upon a liability created by statute [R.C. 2307.73]." Becton Dickinson argues that the applicable statute of limitations is two years as set forth in R.C. 2305.10 and applied by the Ohio Supreme Court in *McAuliffe II,* which reversed *McAuliffe I.* At this outset, it must be understood that these cases are the same. *McAuliffe I* is our court of appeals decision, which the Ohio Supreme Court reversed in *McAuliffe II.*

█ As discussed above, when a decision by the Supreme Court overrules a prior decision, it applies retrospectively as if the former decision was never the law. *Peerless Elec. Co. v. Bowers* (1955), 164 Ohio St. 209, 210, 57 O.O. 411, 411, 129 N.E.2d 467, 468. Davis seeks to avoid application of *McAuliffe II* to her case by arguing that she had a "vested right" under *McAuliffe I,* which constitutes an exception to the general rule of retrospective application. *Peerless,* 164 Ohio St. at 210, 57 O.O. at 411, 129 N.E.2d at 468.

Vested rights have been defined to include an accrued cause of action. *Weeton v. Satayathum, M.D. Inc.* (1984), 21 Ohio App.3d 82, 84, 21 OBR 87, 89, 486 N.E.2d 246, 248:

"A right to sue once existing becomes a vested right, and cannot be taken away altogether. It does not conclusively follow that the time within which the right

may be asserted and maintained may not be limited to a shorter period than that which prevailed at the time the right arose, provided such limitation still leaves the claimant a reasonable time within which to enforce the right." *Id.*

At the time Davis filed her complaint, R.C. 2305.10 provided that an action for bodily injury shall be brought within·two years after the cause of action arose. R.C. 2305.07 provided that an action upon a liability created by statute shall be brought within six years after the cause of action accrued.

In *McAuliffe I*, this court concluded that R.C. 2305.07 applies to product liability causes of action. The *McAuliffe II* court disagreed:

"In order for a statutory cause of action to be 'an action *** upon a liability created by statute' under R.C. 2305.07, that cause of action must be one that would not exist but for the statute. Any statutory 'modification, alteration or conditioning' of a common-law cause of action which falls short of creating a previously unavailable cause of action does not transform that cause of action into 'an action *** upon a liability created by statute.' *** Prior to the enactment of R.C. 2307.73, this court had already provided a cause of action for strict product liability for [defective manufacture, defective design, inadequate warning, and failure to conform to manufacturer's representation]. As a result, R.C. 2307.73 does not provide a cause of action that would not exist but for the statute." *McAuliffe II*, 72 Ohio St.3d at 538–539, 651 N.E.2d at 960–961. See, also, *Carrel v. Allied Products Corp.* (1997), 78 Ohio St.3d 284, 289, 677 N.E.2d 795, 799–800.

In *McAuliffe II,* the court did not shorten the time period for filing product liability actions; rather, it determined that *McAuliffe I* applied the wrong statute of limitations to such actions. *McAuliffe II* did not change the applicable law. It merely corrected what the Ohio Supreme Court saw as a misapplication of the law by this court. The Ohio Supreme Court had previously held that "a liability created by statute" meant liability that would not exist but for the statute. See *Hawkins v. Furnace Co.* (1884), 40 Ohio St. 507, 515, 1884 WL 18. See, also, *Hartford Acc. & Indem. Co. v. Procter & Gamble Co.* (1952), 91 Ohio App. 573, 577, 49 O.O. 159, 160–161, 109 N.E.2d 287, 289. By holding that products liability actions were not statutorily created,·*McAuliffe II* merely interpreted the existing law.

We conclude that Davis's reliance on Weeton to be misplaced. In *Weeton,* a subsequent *change in the law* (the adoption of the discovery rule) would have rendered the plaintiff's claim time-barred if applied to her case. In the case at bar, the law applicable to Davis's claim was not changed. The six-year statute of limitations was never properly applicable to her claim. The trial court correctly granted Becton Dickinson's motion for summary judgment. We overrule Davis's first assignment of error.

Davis also argues that the trial court erroneously reconsidered Becton Dickinson's motion for summary judgment after initially denying it. We disagree.

In *Glick v. Dolin* (1992), 80 Ohio App.3d 592, 594, 609 N.E.2d 1338, 1339–1340, this court held that the denial of a motion for summary judgment is an interlocutory order that is subject to reconsideration any time before final judgment is entered in the case:

"If the trial court errs in overruling a motion for summary judgment, it is not necessary that that court wait until the judgment is reversed upon appeal, but, instead, the court may correct its error either upon a motion for reconsideration or upon a new motion for summary judgment predicated upon the same law and facts." *Id.* at 594, 609 N.E.2d at 1340, citing *Maxey v. Lenigar* (1984), 14 Ohio App.3d 458, 459, 14 OBR 578, 579–580, 471 N.E.2d 1388, 1389. Davis' second assignment of error is without merit.

*Judgment affirmed.*

NAHRA and ROCCO, JJ., concur.