OPINION
{¶ 1} Appellant Westfield Insurance Company (hereinafter "Westfield") appeals the decision of the Mahoning County Court of Common Pleas to order a stay of proceedings pending arbitration of a dispute concerning automobile insurance coverage. The record reveals that the trial court was within its discretionary authority in issuing the stay and, for the reasons that follow, the judgment of the trial court is affirmed.
 History of the Case {¶ 2} On December 4, 2003, Appellees Michelle and Joseph Gabriel filed a complaint against Westfield in order to collect uninsured motorist ("UM") benefits from commercial automobile policy CWP 3 809 014 (the "Policy") issued by Westfield. The complaint alleges that on or about December 10, 2001, Michelle was involved in an automobile accident with an uninsured motorist. Appellees asserted that they filed a claim with Westfield and that the parties could not agree on the amount of damages. Appellees alleged that they demanded arbitration on November 10, 2003, pursuant to the arbitration clause of the Policy. Appellees alleged that the policy allowed either party to demand arbitration. Appellees asserted that Westfield refused to enter into arbitration based on a 2004 version of the arbitration clause stating both the insured and insurer were required to agree to arbitration. Appellees presented two requests for relief: a declaration of the controlling arbitration language from the Policy, including an order compelling Westfield to arbitrate the claim; or in the alternative, judgment in the amount of $75,000.
 {¶ 3} On May 18, 2004, Appellees filed a motion for summary judgment with respect to the arbitration provision of the Policy. Appellees argued that the arbitration clause in effect on July 1, 2001, was controlling in this case, and that this arbitration clause allowed either party to request arbitration rather than requiring the consent of both the insured and the insurer.
 {¶ 4} On June 11, 2004, Westfield filed a response in opposition to summary judgment. Westfield admitted that Michelle was covered under the Policy: "Westfield does not dispute that Michelle Gabriel was an insured pursuant to the terms of the policy and that uninsured motorist coverage was also purchased by the Gabriels." (6/11/04 Response in Opposition to Summary Judgment, p. 3.) Westfield failed to directly address the only issue raised in Appellees' motion, namely, that the 2001 version of the arbitration clause was the correct version to apply in this case. Westfield argued, though, that even under the 2001 arbitration clause, arbitration was not appropriate. Westfield argued that the only appropriate matters for arbitration were, "whether the Plaintiffs are entitled to recover damages from an uninsured driver, or * * * the amount of damages recoverable by the Plaintiffs." (6/11/04 Response in Opposition to Summary Judgment, p. 4.) Westfield asserted that Appellees had not identified any specific uninsured tortfeasor, although Westfield itself mentioned two specific persons and the Austintown Police Department as parties who may have been responsible for the accident. Westfield also argued that, according to either arbitration clause, disputes concerning coverage under the UM endorsement could not be arbitrated.
 {¶ 5} On June 18, 2004, Appellees filed a reply brief. Attached to this brief was an affidavit from Appellees' attorney, and a series of letters, faxes, and other correspondences from a claims specialist, Mr. J.R. Moser, who was employed by Westfield. Appellees argued that the documents indicated that Westfield had already acknowledged Appellees possessed a valid claim, and that the only dispute concerned the dollar value of the claim.
 {¶ 6} On June 24, 2004, the trial court filed a judgment entry overruling Appellees' motion for summary judgment.
 {¶ 7} On July 2, 2004, Appellees filed a "Motion To Stay Proceedings and Refer to Arbitration." In their motion, Appellees stated that it was filed pursuant to R.C. §§ 2711.01, 2701.02, and 2711.03, as well as pursuant to the terms of the Policy.
 {¶ 8} On July 13, 2004, the trial court filed a judgment entry vacating the June 24, 2004, judgment entry and granting Appellees' motion to stay proceedings and enter into arbitration.
 {¶ 9} On July 16, 2004, Westfield filed a memorandum in opposition to Appellees' motion to stay proceedings.
 {¶ 10} On August 10, 2004, Westfield filed a timely notice of appeal of the July 13, 2004, judgment entry.
 Assignments of Error {¶ 11} Westfield presents three related assignments of error:
 {¶ 12} "The trial court incorrectly vacated its previous order and ordered this case to arbitration, contrary to the arbitration provision at issue, which is unambiguous and discretionary.
 {¶ 13} "The trial court incorrectly vacated its previous order and ordered this case to arbitration as there is a genuine issue of material fact as to whether or not the plaintiffs were injured by an uninsured motorist in the first instance.
 {¶ 14} "The trial court incorrectly vacated its previous order and ordered this case to arbitration as the trial court had already rendered its decision on Plaintiff's motion and the vacation by the trial court of that decision and the compulsion of this case to arbitration was not proper."
 {¶ 15} Westfield's arguments appear to be premised on the assumption that the trial court granted a motion for summary judgment, rather than a motion to stay proceedings pending arbitration. As Appellees correctly point out in their brief, the actual judgment under review in this case is one which granted a motion to stay proceedings pending arbitration, pursuant to R.C. § 2711.12. This type of decision is reviewed for abuse of discretion on the part of the trial court. "An appellate court reviews a decision to stay proceedings pending arbitration under an abuse of discretion standard." I Sports v. IMG Worldwide, Inc.,157 Ohio App.3d 593, 2004-Ohio-3113, 813 N.E.2d 4, ¶ 10. An abuse of discretion implies an attitude that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. On appeal, we do not engage in a de novo review, as we would in reviewing an order granting summary judgment. Based on the totality of the record and the analysis that follows, it does not appear that the trial court abused its discretion in sustaining the motion for a stay of proceedings and submitting this case to arbitration.
 {¶ 16} The first matter to be discussed is the trial court's decision to vacate its prior entry overruling Appellees' motion for summary judgment. Westfield argues that Appellees should not be permitted to avoid the trial court's earlier ruling by filing a subsequent motion to stay proceeding pending arbitration, when in fact, Appellees were asking for essentially the same relief that the trial court had previously denied. We disagree with Appellant's contention.
 {¶ 17} The denial of a motion for summary judgment is an interlocutory decision by a trial court, subject to reconsideration at any time prior to a decision entering final judgment in a case. Davis v. BectonDickinson Co. (1998), 127 Ohio App.3d 203, 207, 711 N.E.2d 1098;Citizens Fed. Bank, F.S.B. v. Brickler (1996), 114 Ohio App.3d 401,411, 683 N.E.2d 358. If Appellees were asking the trial court to reconsider its prior decision (and it is not at all certain that Appellees had this intent in filing their subsequent motion for a stay of proceedings), they were certainly permitted to do so under Ohio's procedural rules.
 {¶ 18} In reviewing the procedural history of this case, we have observed that after the Gabriels filed their motion for summary judgment on the arbitration issue, Westfield responded, in part, by saying: "What the Plaintiffs * * * should have done if in deed [sic] their intent was to have this matter referred to arbitration, was to file a motion to stay this case pending arbitration." (6/11/04 Response in Opposition to Summary Judgment, p. 8.) The Gabriels also filed additional materials in support of summary judgment on June 18, 2004. The trial court overruled the motion for summary judgment on June 24, 2004. Subsequently, on July 2, 2004, the Gabriels filed a motion to stay proceedings pending arbitration. Westfield now attempts to argue that the Gabriels should not have filed such a motion. It is Westfield, however, who on the record recommended as proper procedure to be followed that the Gabriels should file a motion for stay of proceedings. Westfield cannot in good faith argue the opposite position on appeal.
 {¶ 19} Westfield also argues that the arbitration clause of the Policy is purely discretionary and contains no provision through which a party can be compelled into arbitration. Westfield does not actually cite the Policy provision upon which it relies. During the earlier summary judgment proceedings, Westfield failed to respond to Appellees' assertion that the version of the arbitration clause applicable to their claim is contained in form CA 00 22 02 99, as set forth in the Ohio Uninsured Motorists Coverage — Bodily Injury endorsement, which states in part:
 {¶ 20} "a. If we and an `insured' disagree whether the `insured' is legally entitled to recover damages from the owner or driver of an `uninsured motor vehicle' or do not agree as to the amount of damages that are recoverable by that `insured', then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Either party may make a written demand forarbitration. * * *" (Emphasis added.)
 {¶ 21} Because Westfield failed to directly contradict or rebut Appellees' version of the arbitration clause, we find no abuse of discretion in the trial court's apparent reliance on this arbitration clause. The clause clearly allows either party to demand arbitration. Westfield is correct that the arbitration clause begins as a discretionary provision, and does not force either party to initiate arbitration proceedings. The clause, though, becomes mandatory once any party files a demand. There is no dispute that Appellees have demanded arbitration. Thus, the arbitration clause compels arbitration.
 {¶ 22} Westfield's final argument is that the controversy Appellees have attempted to arbitrate is not one of the two issues that may be arbitrated under the Policy. Westfield contends that the matter being arbitrated is a dispute about coverage, which is not permitted under the arbitration clause. Based on the record before us, we disagree.
 {¶ 23} The record reflects that at the time the trial court ruled on the motion for stay, it had all the materials from the summary judgment proceedings before it, including many letters from a claims agent at Westfield, summarized as follows:
 {¶ 24} 1. 12/1/03 letter from Westfield claim agent J.R. Moser to the Gabriels' attorney, Charles Dunlap. This letter rejects the request for arbitration, and states: "We still have what we feel is a fair and equitable offer to you." (Exhibit E, attached to Complaint and referenced in affidavit.)
 {¶ 25} 2. 6/19/02 letter from J.R. Moser to the Mahoning County Sheriff's Dept., which states: "There appears to be negligence on behalf of your department, and we are seeking recovery for any and all damages paid by Westfield under our policy." (Exhibit G, attached to affidavit.)
 {¶ 26} 3. 6/19/02 letter from J.R. Moser to Charles Dunlap. This letter requests doctors' reports, physical therapy progress notes, and prescription information. It also asks whether or not governmental immunity applies. It requests a meeting with Michelle Gabriel, "since she is an insured under the policy." (Exhibit H.)
 {¶ 27} 4. 1/9/03 letter from J.R. Moser to Charles Dunlap. This letter requests an update on the status of the injury claim. It asks that all medical information be forwarded. It also states: "If your client is finished with treatment and is ready to settle the injury claim, please forward to me a complete demand package so that we may attempt to resolve same." (Exhibit L.)
 {¶ 28} 5. 3/27/03 letter from J.R. Moser to Charles Dunlap. The letter states: "we wish to get together with you to resolve an uninsured motorist claim of the insured." The letter also requests a medical update, and asks if there is coverage available from other tortfeasors. (Exhibit M.)
 {¶ 29} 6. 4/24/03 letter from J.R. Moser to Charles Dunlap. Same letter as 3/27/03.
 {¶ 30} 7. 5/23/03 letter from J.R. Moser to Charles Dunlap. Same letter as 3/27/03.
 {¶ 31} 8. 8/25/03 letter from J.R. Moser to Charles Dunlap, which states: "I have not heard further from you since payment information was provided per your FAX request of June 26, 2003." (Exhibit P.)
 {¶ 32} Nothing in any of the letters from the claims agent explicitly asserts or even hints at the possibility that the Gabriels have no coverage. Westfield did not respond to the Gabriels' secondary filing in support of summary judgment (which included the letters from the claims agent), and provided absolutely no evidence to dispute the Gabriels' contention that coverage exists. Not one of the documents before the trial court even hinted at a coverage dispute, and Westfield has conceded throughout this litigation that Mrs. Gabriel is an insured under the Policy. In addition, we note that there is no reservation of rights notification in the record. One would have expected Westfield to respond with some type of rebuttal to a stack of documents that all presume that coverage is available, even though the parties obviously disagree over the specific dollar amount of the claim.
 {¶ 33} A question has arisen as to whether the trial court followed the proper procedure in ruling upon the motion for stay of proceedings pending arbitration. The trial court ruled on the Gabriels' motion for stay on July 13, 2004. Westfield had not yet responded to the motion. The trial court was not required to hold a hearing on the motion, but could issue a ruling, "upon being satisfied that the issue involved in the action is referable to arbitration[.]" R.C. § 2711.02(B); Maestle v. BestBuy, 100 Ohio St.3d 330, 800 N.E.2d 7, 2003-Ohio-6465, ¶ 7. Thus, it appears that the trial court followed the proper procedure in rendering its judgment.
 {¶ 34} The trial court's decision to grant the stay of proceedings pending arbitration is reasonable given that Westfield suggested the Gabriels should file a motion for stay of proceedings pending arbitration, failed to respond to the motion, and failed to present anything to contradict the implication (as gleaned from the letters from the claims agent) that Appellees' claim was covered under the Policy. Since the trial court's judgment concerning a motion to stay proceedings pending arbitration is only reviewed for abuse of discretion, we cannot say that the court abused its discretion in this case, and we affirm the judgment of the trial court.
Donofrio, P.J., concurs.
DeGenaro, J., dissents; see dissenting opinion.